UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA KEY, et al.,<br><br>      Plaintiffs,<br><br>     v.<br><br>SPROUT FOODS, INC.,<br><br>      Defendant. | Case No.  21-cv-02391-VC<br><br>**ORDER GRANTING MOTION TO TRANSFER; DENYING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 33, 34 |

The Plaintiffs are residents of California who bought Sprout Foods baby food that was allegedly tainted by toxic heavy metals. They seek to bring California state-law claims against Sprout Foods on behalf of a California class. But Sprout Foods and many of the non-parties it identifies as having information relating to this lawsuit are located in and around the State of New Jersey. And a proposed nationwide class action is pending against Sprout Foods in the District of New Jersey. So Sprout Foods has sought to transfer this case to that district, where it could have been filed initially, "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). Because the Plaintiffs in this case filed their lawsuit before the New Jersey plaintiffs, the first-to-file rule does not apply.

Although it is a close question, the section 1404(a) factors favor a transfer of venue. *See Vu v. Ortho-McNeil Pharmaceutical, Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009). The potential consolidation with the pending action in New Jersey would reduce litigation costs and result in a more efficient discovery process. *See, e.g.*, *Esquer v. StockX, LLC*, No. 19-cv-05933-LHK, 2020 WL 3487821, at *8 (N.D. Cal. June 26, 2020). Convenience to the parties and non-party witnesses is less important in a world where technology makes it easy to conduct discovery

from anywhere, few cases go to trial, and technology makes remote trial testimony more feasible. *See Tate v. Brinderson Constructors, Inc.*, 2016 WL 7387430, at *1–2 (N.D. Cal. Dec. 21, 2016). But still, to the extent a trial is necessary, litigating in New Jersey is more convenient for Sprout Foods and, more importantly, for the non-party witnesses Sprout Foods represents as having relevant information about this case. Those efficiency gains outweigh the inconvenience to the Plaintiffs and the likelihood that the case will take longer to litigate in New Jersey than it would here. The Plaintiffs' choice of forum is entitled to some weight because they seek to represent a California class that was allegedly harmed within California. But the real locus of this case is in New Jersey, where Sprout Foods' manufacturing and marketing decisions were made. *Hawkins v. Gerber Products Company*, 924 F. Supp. 2d 1208, 1215 (S.D. Cal. 2013). It is also noteworthy that counsel for Sprout Foods has stated on the record that, if this case is transferred to New Jersey and consolidated with the proposed nationwide class action, the company will not object to class certification on the ground that multistate subclasses are unmanageable or otherwise inappropriate. The other factors, such as local interest in the action and familiarity of the forum with the applicable law, are neutral.

Accordingly, Sprout Foods' motion to transfer to the U.S. District Court for the District of New Jersey is granted. The motion to dismiss is denied without prejudice to refiling it in the transferee court.

**IT IS SO ORDERED.**

Dated: September 7, 2021

_____
VINCE CHHABRIA
United States District Judge